## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD OTTO HANSEN,** | ) | **CASE NO. 4:13CV3098** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **THE CITY OF SUPERIOR, NEBRASKA,** | ) | |
| **as a Municipal Corporation of the** | ) | |
| **State of Nebraska, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on May 8, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on May 8, 2013, against the City of Superior, Nebraska ("City"), the City Mayor, six City Council Members, and the City Clerk. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff is a nonprisoner who currently resides in the City. (*Id*.; *see* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that a citizen complaint was filed regarding his property located at 184 S. Kansas St., Superior, Nebraska. (Filing No. 1 at CM/ECF p. 4.)  In response to the citizen complaint, the City initiated a nuisance abatement proceeding against the property.  (*Id*.)  Plaintiff attached a letter to his Complaint indicating that the City provided Plaintiff until March 20, 2013, to comply with "Nuisance Abatement Plan Ordinance" and to "avoid further official action." (*Id*. at CM/ECF p. 17.)  Plaintiff believes the citizen complaint, and the process used to resolve the citizen

complaint, violates his Constitutional rights.  (*Id*. at CM/ECF pp. 4-10.)  Plaintiff asks this court to issue an order enjoining Defendants from "enforcing their ordinances through their incompetent City Council," and to award an appropriate amount of damages.  (*Id*. at CM/ECF p. 11.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III.   DISCUSSION OF CLAIMS

To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state proceeding has already been commenced. *See* *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

In Nebraska, cities and villages have the "power and authority by ordinance to define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same." Neb. Rev. Stat. § 18-1720. If an owner of property within a city refuses to comply with a city notice to remove a public nuisance, the city may abate the nuisance. *See* Neb. Rev. Stat. § 18-1722.

Here, Plaintiff's Complaint clearly indicates that a "nuisance abatement proceeding" has been initiated against him. (Filing No. 1 at CM/ECF p. 2.) Plaintiff has not alleged nor demonstrated that he cannot assert his constitutional concerns in  this proceeding. (*Id.*) Moreover, zoning and nuisance abatement issues are traditional state law matters that

3

implicate important state interests.  *See, e.g., Lambeth v. Miller, 363 Fed. App'x 565, 2010 WL 299244, at *2 (10th Cir. Jan. 27, 2010),* (affirming district court's decision to abstain from exercising jurisdiction over plaintiff's claims against county officials relating to county abatement proceedings); *Harper v. Pub. Serv. Comm'n of W. Va., 396 F.3d 348, 352 (4th Cir. 2005),* ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention.").  Accordingly, this court will abstain from exercising jurisdiction over Plaintiff's Complaint.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint (filing no. 1) is dismissed without prejudice;

2.      All pending Motions are denied as moot; and

3.      A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 21st day of August, 2013.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.